[No. S050615. Oct. 3, 1996.]

In re CLAUDE WHITNEY, a Judge of the Municipal Court, on Censure.

## OPINION

**THE COURT.—** ■ The Commission on Judicial Performance has recommended that we publicly censure Claude Whitney, a judge of the Municipal Court for the Central Orange County Judicial District, for engaging in "willful misconduct in office" and "conduct prejudicial to the administration of justice that brings the judicial office into disrepute." (Cal. Const, art. VI, § 18, former subd. (c)(2).)[1] Judge Whitney has not challenged the commission's findings or recommendation. Under rule 919(c) of the California Rules of Court, his decision not to make such a challenge "may be deemed a consent to a determination on the merits based upon the record filed by the Commission."

Following the appointment of special masters, hearings were held, evidence taken, and upon completion of the hearing the special masters prepared a formal report setting forth their findings of fact and conclusions of law. After consideration of written statements of objections to the masters' report, the matter was argued before the commission, which adopted certain of the masters' findings of fact and conclusions of law.

The commission found that Judge Whitney, while conducting the Central Orange Municipal Court's in-custody misdemeanor arraignment calendar

---

[1]These proceedings were commenced prior to March 1, 1995, the operative date of amendments to article VI, section 18, of the California Constitution.

during 1992, abdicated his responsibility to protect the statutory and constitutional rights of defendants in certain respects. After reviewing the record, we are satisfied these findings are supported by the evidence. The record shows Judge Whitney, as a matter of routine practice in the conduct of the in-custody misdemeanor arraignment calendar, failed to exercise his judicial discretion to consider release of defendants on their own recognizance, or to consider grants of probation or concurrent sentencing for defendants pleading guilty or no contest at arraignment. He further refused to appoint counsel to assist defendants at the arraignment itself, and failed, as required by law, to inform defendants pleading guilty or no contest of the negative consequences a conviction could have on a noncitizen with regard to immigration.

We also accept the commission's conclusion that Judge Whitney's refusal to appoint counsel to assist indigent defendants at the arraignment constituted willful misconduct in office, but conclude the remaining acts constituted, at most, conduct prejudicial to the administration of justice (See *Adams* v. *Commission on Judicial Performance* (1995) 10 Cal.4th 866, 877-878 [42 Cal.Rptr.2d 606, 897 P.2d 544]; *Gubler* v. *Commission on Judicial Performance* (1984) 37 Cal.3d 27, 46-47, 59 [207 Cal.Rptr. 171, 688 P.2d 551].)

The record also shows Judge Whitney is considered diligent and hard working, has a reputation of thoughtfulness on legal issues, is generally well regarded among the bench and bar, and has good relationships with court staff. Judge Whitney has since improved his conduct and has acknowledged he erred in several respects. The misconduct charged ended in 1992, well before these proceedings were commenced, and Judge Whitney responded honestly and appropriately to the commission's inquiry and disciplinary proceedings.

We adopt the commission's recommendation of public censure. This order will serve as the appropriate sanction.